United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ENRIQUE VASQUEZ-LOPEZ**, | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **1:26-cv-731** |
| | § | |
| **WARDEN**, in his/her official capacity, | § | |
| Port Isabel Service Processing Center, | § | |
| *et al.*, | § | |
| Respondents. | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Carlos Enrique Vasquez-Lopez's "Verified Habeas Corpus Petition" ("§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DENY** Vasquez-Lopez's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

In or about 1996, Vasquez-Lopez, a citizen of Guatemala, entered the United States without inspection. Dkt. No. 1 at 8–9. On or about June 19, 2026, Immigrations and Customs Enforcement ("ICE") officers arrested Vasquez-Lopez in Bound Brook, New Jersey. *Id.* at 9. ICE subsequently placed Vasquez-Lopez into removal proceedings under § 1225(b)(2)(A) and transferred him to the Port Isabel Service Processing Center ("PISPC") located in Los Fresnos, Texas, where he remains. *Id.* At the time the Department of Homeland Security ("DHS") made its initial custody determination,

---

[1] Information obtained from Vasquez-Lopez's § 2241 Petition. *See* Dkt. No. 1.

Vasquez-Lopez "was not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231." *Id.* at 10.

## II.    LEGAL STANDARDS

### A.    28 U.S.C. § 2241

Under 28 U.S.C. § 2241, Congress authorized district courts to resolve habeas petitions, including immigration-detention cases.  28 U.S.C. § 2241(a), (c)(1), (c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### B.    28 U.S.C. § 1225(b)(2)(A)

Under § 1225(b)(2)(A), in the case of an alien who is an applicant for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under § 1229a[.]"  When an alien is held under § 1225(b)(2)(A), the statute mandates detention pending the resolution of the alien's removal proceedings, subject to certain narrow exceptions[2].  *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

---

[2] The Secretary of Homeland Security may temporarily parole into the United States "any alien applying for admission" on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022).  However, once the purposes of the parole have been served, the alien must immediately be returned to custody, and his case "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

Under 8 U.S.C. 1226(a) (hereinafter, "§ 1226(a)"), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  Unlike § 1225(b)(2)(A), § 1226(a) allows, but does not require, the Attorney General to release detained aliens on bond.  28 U.S.C. § 1226(a)(2)(A)–(B).

On February 6, 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  *Buenrostro-Mendez* held, as a matter of statutory interpretation, that DHS properly classified and detained noncitizens who are not admitted to the United States under § 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 502.  The Fifth Circuit held that "presence without admission deems the [aliens] to be applicants for admission." *Id*.  Further, the Fifth Circuit held that "seeking admission" is equivalent to being an "applicant for admission" by operation of law.  *Id*.  As a result, aliens who do not show "clearly and beyond a doubt that" they are entitled to be admitted to the United States "shall be detained." *See id*. (citing 8 U.S.C. § 1225(b)(2)(A)).

However, while *Buenrostro-Mendez* forecloses any statutory claim that might be raised with respect to an alien's detention under § 1225(b)(2)(A), it does not address any constitutional claims relating to the alien's detention under the statute.  Accordingly, a court considering a habeas petition seeking relief with respect to § 1225(b)(2)(A) must still review any constitutional claims raised by a petitioner.

C.    ***Demore v. Kim***

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  However, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process.  *Demore v. Kim*, 538 U.S. 510,

523 (2003); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *see also Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).

The Supreme Court reasoned that detention pending an alien's removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings." *Demore*, 538 U.S. at 528. Further, the Supreme Court rejected the petitioner's arguments that mandatory detention was unnecessary to prevent aliens from absconding during removal proceedings, stating that "the Due Process Clause does not require [the Government] to employ the least burdensome means to accomplish its goal." *Id.*

### III.   DISCUSSION

Vasquez-Lopez claims his continued detention under § 1225(b)(2)(A) by the Government violates the Fifth Amendment Due Process Clause. *See* Dkt. No. 1 at 13–18.

**A.   Vasquez-Lopez is properly detained under § 1225(b)(2)(A), as he is an "applicant for admission."**

Vasquez-Lopez argues that he is misclassified as an "applicant for admission" under § 1225(b)(2)(A). Dkt. No. 1 at 2. However, in light of the Fifth Circuit's ruling in *Buenrostro-Mendez*, the Court finds that Vasquez-Lopez is properly classified under § 1225(b)(2)(A).

Vasquez-Lopez states that he initially entered the United States 30 years ago. Dkt. No. 1 at 8. Critically, Vasquez-Lopez does not argue that he was admitted or paroled into the United States prior to his detention. *See generally, id.* Rather, he relies on his prolonged presence in the United States, and the timeline of his immigration proceedings to justify his eligibility for bond. *Id.* at 13–16. As previously discussed, the Fifth Circuit

in *Buenrostro-Mendez* held that "presence without admission deems the [aliens] to be applicants for admission." 166 F.4th at 502. Further, "[a]n alien present in the United States who has not been admitted or who arrives in the United States [...] shall be deemed for the purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1).

Vasquez-Lopez, then, appears to be properly classified as "an applicant for admission" who is "seeking admission" under § 1225(b)(2)(A); DHS "shall detain" Vasquez-Lopez pending his removal proceedings.

**B.     Vasquez-Lopez's continued detention does not violate the Fifth Amendment's Due Process Clause, as detention during removal proceedings is constitutionally permissible.**

As discussed above, Vasquez-Lopez's detention is proper under § 1225(b)(2)(A). The Court must then evaluate whether Vasquez-Lopez's detention pending his removal proceedings violates his Due Process rights. The Court finds the Supreme Court's *Demore* decision controlling in this instance. While the *Demore* decision focused on § 1226(c), requiring mandatory detention for aliens convicted of one of a specified set of crimes, the Supreme Court did not rely on a prior criminal conviction in reaching its decision. Instead, the Supreme Court focused on the Government's interest in ensuring that aliens did not abscond prior to or during their removal proceedings. *Id.* at 528. Further, it explicitly addressed the constitutional validity of mandatory detention during removal proceedings. *Id.* at 531. The Court, then, finds that same reasoning applies to Vasquez-Lopez's detention under § 1225(b)(2)(A).

The Court finds that Vasquez-Lopez's continued detention[3] under § 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth

---

[3] Vasquez-Lopez had been in detention for approximately 16 days when he filed his § 2241 Petition. Dkt. No. 1 at 9. To date, Vasquez-Lopez has been in continued detention for approximately 27 days.

Amendment.   The Court interprets Vasquez-Lopez's remaining arguments to be derivative of his claim that his continued detention under § 1225(b)(2)(A) violates the Fifth Amendment Due Process Clause.   Accordingly, Vasquez-Lopez's § 2241 Petition should be denied.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Vasquez-Lopez's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.   NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **16th** day of **July, 2026** at Brownsville, Texas.

Ignacio Torteya, III
**United States Magistrate Judge**

6/6